July 12, 2019

*Via ECF*

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *American Civil Liberties Union v. Office of Justice Programs*
            No. 19-cv-5483 (RA)

Dear Judge Abrams:

Under the Court's June 6, 2019, Order, the parties jointly submit this letter in advance of an initial status conference scheduled for July 19, 2019. *See* ECF No. 20.

Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

### I.    The materials sought, the basis thereof, and the status of productions

Plaintiffs, the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU"), bring this action against Defendants, The Office of Justice Programs ("OJP") and the United State Department of Justice, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs seek records related to the Office of Juvenile Justice and Delinquency Prevention ("OJJDP") grant programs "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845, and "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582. OJJDP issued a call for grant proposals in July, 2018 and as of June 11, 2019 has awarded a total of $4.8 million to four grantees, including Suffolk County, New York.

On October 17, 2018, the ACLU submitted a FOIA request (the "Request") to OJJDP. Specifically, Plaintiffs' seek eleven categories of documents:

1.    Any and all records submitted to OJJDP as part of an application for grant funding through "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845.

2.    Any and all records submitted to OJJDP as part of an application for grant funding through OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

1

3. Inquiries, communications, or other records received by OJJDP regarding "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845, and any response provided by OJJDP or any other federal government agency or department.

4. Inquiries, communications, or other records received by OJJDP regarding "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582, and any response provided by OJJDP or any other federal government agency or department.

5. Any and all records exchanged between OJJDP and any other agency or department of federal government related to "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845.

6. Any and all records exchanged between OJJDP and any other agency or department of federal government related to "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

7. Any and all records related to the evaluation of applications received pursuant to "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845.

8. Any and all records related to the evaluation of applications received pursuant to "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

9. Any and all records related to the planned use by OJJDP or any other federal government agency or division of information obtained by grantees under "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845, and/or "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

10. Any and all records related to the source and budgeting of funds for "OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845, and/or "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

11. Any and all records related to the information relied upon and supporting the preference for a law enforcement and prosecutorial approach through OJJDP FY 2018 Gang Suppression: A Law Enforcement and Prosecutorial Approach To Address Gang Recruitment of Unaccompanied Alien Children," OJJDP-2018-13845, and/or "OJJDP FY 2018 Gang Suppression Planning Grants Program," OJJDP-2018-14582.

As of the date of this filing, Defendants have not produced any information responsive to the Request. Before December, 2018, Defendant OJP informed Plaintiffs that responsive documents had been located and indicated that an initial release of documents would be forthcoming. As OJP explains below, processing of these documents has taken longer than anticipated because of staffing turnover, but is proceeding and will be shortly complete.

It is Plaintiffs' position that Defendants' actions, including its constructive denial of the Request and requests for expedited processing and waiver of fees, violate the FOIA and its corresponding regulations.

## II. A brief description of the claimed exemptions from production

Defendants dispute that they have violated FOIA, and believe that the present request is overly broad and unduly burdensome. OJP, which has been limited in staffing and underwent turnover in its FOIA-contract staff earlier this year, is reviewing those documents it has already identified as potentially responsive to Plaintiffs' request, and is continuing its search of additional agency records to identify the remaining universe of potentially responsive information. OJP believes that some information in responsive records is likely to be exempt from disclosure under FOIA Exemptions 5 (on grounds including deliberative process privilege as applied to agency memoranda) and 7 (law enforcement-related records). Additional FOIA Exemptions may also be implicated based on additional processing and review.

## III. Proposed schedules for gathering, processing, and producing documents, as well as for filing any related briefing

The parties conferred telephonically on July 11, 2019 regarding scheduling.

Plaintiffs request that Defendants prioritize the production of documents responsive to their first and second requests, ECF No. 1 ¶ 26(a), (b), with further prioritization given to grant applications that have already been awarded funding, and that Defendants release these documents as they become available and not later than July 26, 2019. Defendants were made aware of the above-described prioritization request as of July 11, 2019, and will make every effort to accommodate it while also ensuring prompt processing of Plaintiffs' overall request.

Defendants represent that they have located over approximately 1,000 pages of potentially responsive documents and are currently processing these documents. Plaintiffs request that Defendants' review of these 1,000 pages be completed and a first interim production made from these documents by July 26, 2019. Defendants anticipate making an interim production from

these already-identified records in the coming weeks, and will be able to provide a more specific anticipated release date to the Court at the initial conference. Parallel to review of these records, Defendants are carrying out a search of remaining OJP records, to identify with more specificity the number (which is anticipated to be significant) and type of potentially responsive documents. Defendants anticipate having that information by the end of the month,

Plaintiffs propose to confer with Defendants by July 26, 2019 regarding Defendants' assessment of the scope of all remaining, potentially responsive documents and any further prioritization or other matters relevant to the continued processing and production of documents. Defendants will endeavor to complete the analysis described in the preceding paragraph by July 26, although they believe that an additional week may be necessary to ensure that the parties have the complete information about the universe of potentially responsive records necessary to engage in discussions about narrowing the request and resulting production schedules as appropriate.

Plaintiffs request that Defendants complete processing of an additional 500 pages of responsive documents and make a second interim production by August 2, 2019, and complete processing of an additional 500 documents every two weeks thereafter until production is complete. Defendants are not yet in a position to agree to the proposed set dates and page quantities, but will be in a position to discuss these issues once its ongoing initial review of the universe of documents is completed, as described herein. Defendants will complete that search, as well as its processing of the already-identified records, as quickly as possible consistent with OJP's limited administrative capacity and will negotiate in good faith with Plaintiffs on a production schedule moving forward.

The parties anticipate that, if this matter is not resolved through negotiations between the parties, it can be resolved on summary judgment.

**IV.     Any other information that the parties believe may assist the Court**

To date, no discovery has been taken by any party. Plaintiffs do not currently anticipate propounding discovery, but Plaintiffs note that discovery may be appropriate in certain circumstances and reserve the right to seek discovery. *See, e.g.*, *The Few, the Proud, the Forgotten v. U.S. Dep't Veterans Affairs*, 254 F. Supp. 3d 341, 365 (D. Conn. 2017) (granting limited discovery on the issue of the adequacy of defendant's searches for responsive information); *Landmark Legal Foundation v. E.P.A.*, 959 F. Supp. 2d 175, 177 (D.D.C. 2013) (same); *see also Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate"). Defendants believe discovery would be unnecessary and inappropriate in this case.

Respectfully Submitted,

 /s/  Sarah Hinger          
Sarah Hinger
Joshua David Riegel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street—18th Floor

4

New York, New York 10004
T: (212) 549-2500
F: (212) 549-2654
*shinger@aclu.org*
*jriegel@aclu.org*

 /s/  Amy Belsher
Amy Belsher
Antony Gemmell
Jessica Perry
Christopher Dunn
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street—19th Floor
New York, New York 10004
T: (212) 607-3300
F: (212) 607-3318
*abelsher@nyclu.org*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Counsel for the Defendants*

By:  /s/ Stephen Cha-Kim
STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2768
stephen.cha-kim@usdoj.gov

5