August 9, 2019

*Via ECF*

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *American Civil Liberties Union v. Office of Justice Programs*
         No. 19-cv-5483 (RA)

Dear Judge Abrams:

Pursuant to the Court's order at the July 19, 2019 status conference, the parties jointly submit this status letter.

## I.   July 19 Status Conference

The Court held a conference on July 19, 2019, during which the Court directed Defendants to make an initial interim production by Friday, August 2. As discussed during the conference and in the parties' first joint status letter, ECF No. 22, Defendants agreed to review the approximately 1,100 pages of potentially responsive documents identified by the agency to date, and include in its initial interim production all responsive, non-exempt documents identified in this review.

Defendants also represented that they would be able to identify the complete universe of potentially responsive documents and the volume of pages by August 2, 2019. Defendants further explained that the relevant office within the Department of Justice currently has one individual on staff to undertake the necessary manual review. The parties agreed that they would confer on August 2, 2019, in an effort to agree upon a mutually agreeable plan for next steps in the agency's review and processing of Plaintiffs' requests. The Court ordered the parties to submit a joint status letter by August 9, 2019.

## II.   Status of Initial Production

On August 2, 2019, the parties conferred and Defendants reported that the agency had been able to review approximately 400 of the 1,100 pages of potentially responsive documents identified so far. However, counsel for Defendants conveyed that all 400 pages had been preliminarily designated exempt and requested an additional few days to determine if further review may enable some pages to be produced without redactions. On these grounds, Plaintiffs agreed to receive the modified initial production by Tuesday, August 6.

On Wednesday, August 7, Defendants' Counsel informed Plaintiffs that due to an agency oversight, "OJP has not been able to receive the necessary input from the [grant] applicants about law enforcement sensitive material under FOIA Exemption 7E," as required by

agency policy before such material, to the extent it is no exempt, may be released. That same day, Defendants contacted the applicable grant applicants to solicit input on whether grant applications contained information exempted under 7(E). Although the typical period of time to receive responses is 30 days, the agency requested responses no later than August 21. As of today, Defendants have begun to receive responses from some of approximately 30 grant applicants and are processing them in order to finalize review and release of the records at issue.

On August 7, Defendants produced 28 pages of responsive records and on August 9, Defendants produced an additional 100 pages of responsive documents. The 128 pages of records are responsive to the second FOIA request.

**III.     Remaining Production and Nature of Agreed Course of Action**

The parties have agreed, to the extent feasible, to prioritize review and production in the following order:

1. Request 1, records related to grant applications that have been awarded funds.
2. Request 1, records related to grant applications that have not been awarded.
3. Request 2.
4. Request 7.
5. Request 8.
6. Request 3.
7. Request 4.
8. Request 10.
9. Request 9.
10. Request 5.
11. Request 6.
12. Request 11.

The agency completed its search for additional potentially relevant documents by August 2, and determined that the total universe of potentially relevant records consists of approximately 12 gigabytes of data. Further work with ediscovery tools is required to examine this data to, inter alia, eliminate duplicate hits and to identify the type and quantity of specific types of records contained therein.

The parties have agreed that, consistent with Plaintiffs' preference to prioritize requests one and two, Defendants will continue to carry out the review of documents for which they are presently receiving consultation from grant applicants. The parties agree that the agency will make rolling productions of these documents until they have all been reviewed and released. To the extent possible, also to accommodate Plaintiffs' preference, the agency will utilize any available time and resources to simultaneously begin categorizing the 12 gigabytes of recently identified records according to responsiveness to each of the Plaintiffs' requests. The parties agree to confer once the results of that categorization are known, in order to revisit the prioritization of records and efficient next step in processing Plaintiffs' requests. The parties have not been able to

agree upon the timing of these steps, and each party presents its proposed schedule below.

### IV. Proposed Schedules

#### A. Plaintiffs Proposed Schedule

Plaintiffs request that documents be reviewed at a rate of 500 pages every two weeks, following the agreed order for prioritization of requests.

It is Plaintiffs' position that the delay and confusion in Defendants' search for and review of documents has hindered the ability to provide a consensus timeline for completing production. Setting aside the delay in producing any records between the date of the FOIA request on October 17, 2018 and the filing of this case, Plaintiffs believe that Defendants current rate of review and production undermines the intent of FOIA that agency actions be open to public review. Counting from the date of the July 12 joint status letter, Defendants' rate of production is 128 pages in four weeks. At this rate, Defendants would produce only a small fraction of documents related to the grant programs in question before those grant programs conclude.

Plaintiffs' believe that more effective prioritization and potential narrowing of requests can be discussed with the following information available corresponding to each request:

- locations searched (custodian, database, etc.),
- how the search was conducted (e.g. if using search terms, the terms used), and
- the number of pages identified.

Plaintiffs remain willing to engage in these conversations with Defendants. However, Plaintiffs do not believe that review and production should be delayed further while the agency has been unable or unwilling to provide this information.

#### B. Defendants' Proposed Schedule

Defendants believe that an order setting an arbitrary cutoff of reviewing 500 pages every two weeks is unwarranted and would be counterproductive at this point. The agency has admittedly encountered delays in processing the initial 1,100 pages of grant application materials, as explained above, but the agency, limited by having one individual available to process all FOIA requests, has been attempting to account for these delays and is carrying out its review in a good faith and expedited basis. As described, it has already begun carrying out the mandatory consultation with grant applicants about law enforcement information in an accelerated manner. Defendants will be able to begin productions of the records at issue no later than August 26, 2019, and to continue production on a rolling basis until relevant Plaintiffs' requests, numbers 1 and 2, are completed.

Defendants further propose to set a conferral date with Plaintiffs in early September, to discuss a mutually agreeable plan for prioritizing the processing of the remaining 12gb of

information. The parties will be in a better position to have a meaningful conferral at this point, after analysis of the 12gb of data has at least commenced and the agency's limited resource (its one processing individual) becomes available as the review of the law enforcement-sensitive records is carried out. Moreover, the agency anticipates that a second individual will begin employment on or around September 1, 2019, to assist with the processing of FOIA requests.

Finally, Defendants note that the agency has already provided Plaintiffs with most of the information they request. First, the agency has already notified Plaintiffs, upon their request for this information, that: (1) it has searched all applicable hard drives and databases to which all records relevant to the two grant programs at issue are deposited, and (2) it has searched all communications related to the two specific grant programs by searching all OJP employees who are related to the grant programs, including the director, as custodians. Second, the agency has identified to Plaintiffs that the universe of potentially responsive records consists of an initial 1,100 pages and a further 12gb of data (translation of which into a precise estimate of pages is not possible without further analysis). Finally, given the comprehensive nature of the search described herein—including of all custodians and databases related to the grant programs at issue—Plaintiffs' request for access to the agency's search procedures, such as precise search terms, is factually unwarranted and legally unsupported. *See Bigwood v. United States Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015) ("In general, a FOIA petitioner cannot dictate the search terms for his or her FOIA request. Rather, a federal agency has discretion in crafting a list of search terms that they believe to be reasonably tailored to uncover documents responsive to the FOIA request." (internal quotation, alteration, and citation omitted)); *Physicians for Human Rights v. U.S. Dep't of Def.*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009) ("[T]here is no bright-line rule requiring agencies to use the search terms proposed in a FOIA request.").

In sum, Defendants propose that its interim production of grant application materials, responsive to Requests 1 and 2, continue with further rolling interim productions no later than August 26, 2019, and for the parties to confer thereafter on how best to process Plaintiffs' remaining 10 requests. This conferral would include the setting of a definite schedule, which at that point would be based on more meaningful details about the remaining 12gb of information.

                Respectfully Submitted,

                 */s/ Sarah Hinger*
                Sarah Hinger
                AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                125 Broad Street—18th Floor
                New York, New York 10004
                T: (212) 549-2500
                F: (212) 549-2654
                *shinger@aclu.org*

        /s/ Amy Belsher
Amy Belsher
Antony Gemmell
Jessica Perry
Christopher Dunn
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street—19th Floor
New York, New York 10004
T: (212) 607-3300
F: (212) 607-3318
*abelsher@nyclu.org*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Counsel for the Defendants*

By:   */s/ Stephen Cha-Kim*
STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2768
stephen.cha-kim@usdoj.gov

5