September 9, 2020

*Via ECF*

The Honorable Mary Kay Vykocil
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *American Civil Liberties Union v. Office of Justice Programs*
      No. 19-cv-5483 (MKV)

Dear Judge Vyskocil:

  Pursuant to the Court's August 25, 2020 request, ECF No. 41, the parties file this joint letter explaining the basis for their anticipated cross-motions for summary judgment.

  **I. Procedural History**

  On June 16, 2019 Plaintiffs (the American Civil Liberties Union and the American Civil Liberties Union Foundation; together "ACLU") filed their complaint alleging a violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by the Office of Justice Programs ("OJP") of the Department of Justice. *See* ECF No. 1. The underlying FOIA request seeks information regarding two grant programs administered by OJP's program office, the Office of Juvenile Justice and Delinquency Prevention. *Id.* at ¶ 5.

  Following the filing of this litigation, the parties have continued to negotiate narrowing the scope of the request and to discuss the applicability of FOIA exemptions. *See* ECF Nos. 22, 26, 28, 29, 31, 33, 36, & 40. Having substantially narrowed the issues in this case, the parties continue to contest claimed FOIA exemptions within a subset of the produced documents and anticipate cross-motions for summary judgement.

  **II. Government's Position**

  OJP has processed almost 56,000 pages and produced more than 6,100 pages to the Plaintiffs pursuant to the FOIA request at issue. In response to Plaintiffs' concerns, OJP is currently preparing an index under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), laying out OJP's application of statutory FOIA exemptions to withhold information in full or in part on 1,097 pages that were previously produced to Plaintiffs. OJP is moving with all deliberate speed to create the *Vaughn* index and expects to complete it in early October.

  Plaintiffs have represented that they do not challenge the adequacy of OJP's thorough and comprehensive search for responsive records. As OJP's filings in support of its anticipate motion for summary judgment will establish, the agency has properly withheld information as required by several FOIA exemptions, including Exemptions 4, 5, 6, 7(C), 7(E), and 7(F), which protect *inter*

*alia* proprietary and other confidential information as well as law enforcement information, disclosure of which could constitute unwarranted invasion of personal privacy, compromise law enforcement techniques and procedures, and endanger lives and physical safety. *See* 5 U.S.C. § 552(b). Moreover, contrary to Plaintiffs' assertion below, OJP did not inappropriately withhold information within a responsive record, and instead has withheld non-responsive records in their entirety consistent with FOIA and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667 (D.C. Cir. 2016).

### III.   Plaintiffs' Position

Congress enacted FOIA "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). To that end, courts enforce a "strong presumption in favor of disclosure," *Associated Press v. DOD*, 554 F.3d 274, 283 (2d Cir. 2009) (citation omitted), and FOIA exemptions are given "a narrow compass." *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011) (citation omitted). The agency bears the burden of justifying its withholdings, and "[a]ll doubts [are] resolved in favor of disclosure." *Bloomberg v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010).

The government has not satisfied its burden of justifying its claimed FOIA exemptions, Exemptions 4, 5, 6, 7(c), 7(e), and 7(f), as Plaintiffs intend to argue in their motion. Additionally, the government has withheld sections of documents solely on grounds that the information is "non-responsive." This is not a basis for withholding records under the FOIA. *See Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review (AILA)*, 830 F.3d 667, 677 (D.C. Cir. 2016) (the government "cannot redact particular information within the responsive record on the basis that the information is non-responsive").

The ACLU's challenges may be modified after the government provides detailed justifications for its withholdings satisfying the requirements for each of the claimed exemptions. Concurrently with an agency's motion for summary judgment, courts often require the agency to submit a "Vaughn index" that itemizes the documents and "specif[ies] in detail which portions of the document . . . are allegedly exempt" and why. *Vaughn v. Rosen*, 484 F.2d 820, 826–28. These "fact-specific justification[s]" allow plaintiffs "to contest the affidavit in adversarial fashion" and "permit a reviewing court to engage in effective de novo review" of the withholdings. *See Halpern v. FBI*, 181 F.3d 279, 293 (2d Cir. 1999). Based on the limited information the agencies have provided thus far, the ACLU has narrowed its challenge to a fraction of the withheld records. The ACLU remains open to further narrowing its challenge in response to additional information provided through Vaughn indices, declarations, and other agency filings.

### IV.   Proposed Schedule

Accordingly, the parties request that the Court enter the following briefing schedule, with relevant page limits, for their anticipated motions:
- OJP's motion for summary judgment (25 pages) by October 9, 2020;
- Plaintiffs' cross-motion and opposition brief (25 pages) by October 23, 2020;
- OJP's opposition and reply brief (15 pages) by November 6, 2020;

- Plaintiffs' reply brief (15 pages) by November 13, 2020.

The parties thank the Court for its consideration of this matter.

                                                          Respectfully Submitted,

                                                           /s/ Sarah Hinger
                                                         Sarah Hinger
                                                         AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                                         125 Broad Street—18th Floor
                                                         New York, New York 10004
                                                         T: (212) 549-2500
                                                         F: (212) 549-2654
                                                         *shinger@aclu.org*

                                                         /s/ Amy Belsher
                                                         Amy Belsher
                                                         Antony Gemmell
                                                         Jessica Perry
                                                         Christopher Dunn
                                                         NEW YORK CIVIL LIBERTIES UNION FOUNDATION
                                                         125 Broad Street—19th Floor
                                                         New York, New York 10004
                                                         T: (212) 607-3300
                                                         F: (212) 607-3318
                                                         *abelsher@nyclu.org*